1
2
3
4
5
6                        UNITED STATES DISTRICT COURT

7                        EASTERN DISTRICT OF CALIFORNIA

8

9  J.A.C.P.,                                No.  1:25-cv-01354-KES-SKO (HC)

10             Petitioner,

11        v.                                **FINDINGS AND RECOMMENDATIONS
                                            TO GRANT PETITION FOR WRIT OF
                                            HABEAS CORPUS**
12  MINGA WOFFORD, Mesa Verde ICE
    Processing Center Facility Administrator;
13  SERGIO ALBARRAN, Acting Field Office     (Doc. 1)
    Director of the San Francisco Immigration
14  and Customs Enforcement Office; TODD     (21-DAY DEADLINE)
    M. LYONS, Acting Director of United
15  States Immigration and Customs
    Enforcement; KRISTI NOEM, Secretary of
16  the United States Department of Homeland
    Security; PAMELA BONDI, Attorney
17  General of the United States,

18             Respondents.

19

20        Petitioner J.A.C.P. is a noncitizen who entered the United States three years ago without

21  lawful admission. On September 18, 2025, Immigration and Customs Enforcement ("ICE") agents

22  arrested petitioner on a public street without a warrant. Petitioner was denied the opportunity for a

23  bond hearing based on the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A) as

24  requiring mandatory detention during removal proceedings for all noncitizens charged with

25  entering the United States without lawful admission. The government's new interpretation of

26  section 1225(b)(2)(A) would subject noncitizens to mandatory detention without the possibility of

27  a bond hearing, regardless of how long they have resided in the United States and without regard

28  to whether they pose any flight risk or danger. On October 8, 2025, an immigration judge found

                                          1

1    that petitioner was subject to section 1225(b)(2)(A) and was therefore ineligible for release on bond.

2        On October 10, 2025, petitioner filed a petition for writ of habeas corpus, (Doc. 1), and a

3    motion for temporary restraining order, (Doc. 2), contending that the immigration judge erred in

4    concluding that he was detained under 8 U.S.C. § 1225(b)(2)(A) as that statute does not apply to

5    him. Petitioner requested that the Court order his release or order respondents to provide him with

6    a bond hearing under 8 U.S.C. § 1226(a). *See id*. at 20–21.

7        On October 27, 2025, the District Court converted the motion for temporary restraining

8    order into a motion for preliminary injunction and granted the motion. (Doc. 13.) The Court ordered

9    that Respondents release Petitioner immediately, and enjoined Respondents from re-detaining

10   Petitioner unless it first provided seven (7) days' notice and a pre-deprivation bond hearing before

11   a neutral arbiter. The Court further advised the parties that they could submit additional briefing on

12   the merits of the petition. On November 25, 2025, Petitioner filed a supplemental brief. (Doc. 16.)

13   Respondent did not file a reply brief.

14       For the reasons explained below, the undersigned will recommend the Petition for Writ of

15   Habeas Corpus be GRANTED.

16                          **I.      BACKGROUND**[1]

17       Petitioner fled his home country of Peru because he feared persecution. Doc. 1 at ¶¶ 3, 21.

18   He entered the United States in 2021 on foot without lawful admission or inspection. *Id*. ¶ 28; *see*

19   Doc. 10-1, Martinez Decl. at ¶¶ 5,7. He has lived in San Mateo, California with his brother and

20   brother-in-law since that time. *Id*. ¶ 28; *see* Doc. 10-1, Martinez Decl. at ¶ 5. He found employment,

21   enrolled in a school to study English, obtained a valid driver's license, and maintained a clean

22   criminal record. Doc. 1 at ¶ 28. Petitioner has no pending immigration applications.[2] Doc. 1 at ¶

23   29; *see* Doc. 10-1, Martinez Decl. at ¶ 6.

24       On September 18, 2025, an ICE agent in civilian clothing stopped petitioner on the street

25   ────────────────────

26   [1] This section includes information from Petitioner's verified petition and the parties' other filings. A court
     "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  *L. v.*
27   *Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir.
     1987)).
28   [2] Petitioner notes that he intends to file an application for asylum and withholding of removal. Doc. 1 at ¶
     29.

1    and asked about another individual. Doc. 1 at ¶ 30. Petitioner said he did not know the individual.

2    *Id*. Other ICE agents with badges and vests then arrived, told petitioner they were ICE agents, and

3    asked petitioner to identify himself and produce his documents. *Id*. Petitioner showed them his

4    passport. *Id*. The agents confirmed that petitioner was not the person they were looking for, but

5    they asked petitioner if he had a work permit or other documentation of legal presence in the United

6    States. *Id*. Petitioner confirmed that he did not. *Id*. ¶¶ 30–31. He admitted to the agents that he had

7    entered the United States without inspection three years earlier. Doc. 1 at ¶ 31; Doc. 10-1, Martinez

8    Decl. at ¶¶ 6–7. The ICE agents then took petitioner into custody and transported him to an ICE

9    office in San Francisco for further processing. Doc. 1 at ¶¶ 30–31; Doc. 10-1, Martinez Decl. at ¶¶

10    6–7. After holding him there until late that afternoon, the agents transported him to Fresno,

11    California, and then to Mesa Verde ICE Processing Center, where he remained detained until his

12    recent court-ordered release.

13        On October 8, 2025, petitioner appeared for his first master calendar hearing in immigration

14    court, and he requested that the immigration judge order his release on bond. Doc. 1 at ¶ 42. The

15    immigration judge determined she lacked jurisdiction to grant petitioner release on bond, finding

16    that petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), a statutory provision which

17    mandates detention and does not offer the opportunity for a bond hearing. *Id*.

18                **II.     LEGAL STANDARD**

19        The Constitution guarantees the availability of the writ of habeas corpus "to every

20    individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing

21    U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody

22    upon the legality of that custody, and . . . the traditional function of the writ is to secure release

23    from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus

24    may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution

25    or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a

26    means of reviewing the legality of Executive detention, and it is in that context that its protections

27    have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's

28    habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S.

1    678, 687 (2001).

2                              **III.    DISCUSSION**

3            Petitioner contends he was wrongly refused a bond hearing before an immigration judge

4    due to the government's erroneous conclusion that he was mandatorily detained pursuant to 8

5    U.S.C. § 1225(b)(2)(A). (Doc. 1 at 16.) He contends § 1225(b)(2) does not apply to noncitizens

6    such as him who are residing in the United States and subject to grounds of inadmissibility because

7    they previously entered the country without being admitted or parole. (Doc. 1 at 16.) Respondent

8    contend Petitioner is subject to 8 U.S.C. § 1225(b)(2). (Doc. 10 at 3.)

9            When first presented with the Government's new interpretation of section 1225(b)(2)(A),

10   some courts described this read of the statute as "novel." *See, e.g.*, *Barrera v. Tindall*, No. 3:25-

11   CV-541-RGJ, 2025 WL 2690565, at *5 (W.D. Ky. Sept. 19, 2025).  But mere months later, after

12   being almost universally rejected in hundreds of cases decided by district courts from almost fifty

13   different districts around the country,[3] this Court finds that these previously "novel" arguments now

---

14   [3] *See, e.g.*, *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *2 (E.D. Cal. Nov. 23, 2025);

15   *Garcia-Donis v. Noem*, No. 3:25-CV-03281-BTM-BJW, 2025 WL 3467385, at *1 (S.D. Cal. Dec. 3, 2025); *Pico v. Noem*, No. 25-CV-08002-JST, 2025 WL 3295382, at *3 (N.D. Cal. Nov. 26, 2025); *P.T. v. Hermosillo*, No. C25-2249-

16   KKE, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025); *Elias v. Knight*,, No. 1:25-CV-00594-BLW, 2025 WL 3228262, at *7 (D. Idaho Nov. 19, 2025); *Ortiz v. Bernacke*, No. 2:25-CV-01833-RFB-NJK, 2025 WL 3237291,

17   at *3 (D. Nev. Nov. 19, 2025); *Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *6 (D. Haw. Oct. 10, 2025); *Benitez v. Noem*, No. 5:25-cv-02190 (C.D. Cal. Aug. 26, 2025); *Rocha Rosado v. Figueroa*, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted* 2025 WL 2349133 (D.

18   Ariz. Aug. 13, 2025); *Moraes v. Joyce*, No. 2:25-CV-00583-JAW, 2025 WL 3459583, at *4 (D. Me. Dec. 2, 2025); *Espinosa v. Noem*, No. 1:25-CV-1396, 2025 WL 3455533, at *8 (W.D. Mich. Dec. 2, 2025); *Moncada v. Noem*, No.

19   6:25-CV-3354-MDH, 2025 WL 3458894, at *4 (W.D. Mo. Dec. 2, 2025); *Soumare v. Jamison*, No. CV 25-6490, 2025 WL 3461542, at *3 (E.D. Pa. Dec. 2, 2025); *Andres v. Noem*, No. CV H-25-5128, 2025 WL 3458893, at *4 (S.D. Tex.

20   Dec. 2, 2025); *Campos-Flores v. Bondi*, No. 3:25CV797, 2025 WL 3461551, at *5 (E.D. Va. Dec. 2, 2025); *Patel v. Harden*, No. 2:25-CV-870-JES-NPM, 2025 WL 3442706, at *4 (M.D. Fla. Dec. 1, 2025); *Sutuj v. Noem*, No. 25-CV-

21   17169-ESK, 2025 WL 3461508, at *1 (D.N.J. Dec. 1, 2025); *Edahi v. Lewis*, No. 4:25-CV-129-RGJ, 2025 WL 3466682 (W.D. Ky. Nov. 27, 2025); *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420,

22   at *12 (E.D.N.Y. Nov. 28, 2025); *Ruiz v. Baltazar.*, No. 1:25-CV-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025); *Gallegos Valenzuela v. Olson*, No. 25-CV-13499, 2025 WL 3296042, at *6 (N.D. Ill. Nov. 26, 2025);

23   *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314, at *6 (W.D. Tex. Nov. 26, 2025); *Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, at *8 (N.D. Ind. Nov. 25, 2025); *Ambrocio v. Noem*, No.

24   4:25CV3226, 2025 WL 3295530, at *6 (D. Neb. Nov. 25, 2025); *Lopez v. Raycraft*, No. 4:25CV2449, 2025 WL 3280344, at *4 (N.D. Ohio Nov. 25, 2025); *Quituisaca v. Bondi*, No. 6:25-CV-6527-EAW, 2025 WL 3264440, at *4

25   (W.D.N.Y. Nov. 24, 2025); *Rodriguez v. Hyde*, No. 25-CV-607-JJM-PAS, 2025 WL 3274606, at *2 (D.R.I. Nov. 25, 2025); *Roman v. Olson*, No. CV 25-169-DLB-CJS, 2025 WL 3268403, at *6 (E.D. Ky. Nov. 24, 2025); *S.D.B.B. v.*

26   *Johnson*, No. 1:25-CV-882, 2025 WL 2845170, at *6 (M.D.N.C. Oct. 7, 2025); *Castillo v. Loza*, No. CV 25-1074 JB/JFR, 2025 WL 3251223, at *10 (D.N.M. Nov. 21, 2025); *Carlos v. Bondi*, No. 9:25-CV-00249-MJT-ZJH, 2025

27   WL 3252561, at *2 (E.D. Tex. Nov. 21, 2025); *Padilla v. Galovich*., No. 25-CV-863-JDP, 2025 WL 3251446, at *3 (W.D. Wis. Nov. 21, 2025); *Mayancela v. FCI Berlin*, No. 25-CV-348-LM-TSM, 2025 WL 3215638, at *2 (D.N.H.

28   Nov. 18, 2025); *Villa v. Normand*, No. 5:25-CV-100, 2025 WL 3188406, at *8 (S.D. Ga. Nov. 14, 2025); *Delgado Avila v. Crowley*, No. 2:25-CV-00533-MPB-MJD, 2025 WL 3171175, at *3 (S.D. Ind. Nov. 13, 2025); *Yupangui v.*

border on frivolous. Consistent with the overwhelming consensus rejecting Respondents' interpretation of section 1225(b)(2)(A), and adopting the persuasive reasoning of cases like *Guerrero Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025), this Court easily determines that section 1226(a), not section 1225(b)(2)(A), authorizes and dictates Respondents' authority to re-detain Plaintiff.

Accordingly, the Court finds that the refusal to allow Petitioner a bond redetermination hearing before an immigration judge violated the INA, APA, and Petitioner's due process rights.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings

*Hale*, No. 2:25-CV-884, 2025 WL 3207070, at *5 (D. Vt. Nov. 17, 2025); *Chilel Chilel v. Sheehan*, No. C25-4053-LTS-KEM, 2025 WL 3158617, at *2 (N.D. Iowa Nov. 12, 2025); *Martinez v. Hyde*, No. 25-CV-575-JJM-AEM, 2025 WL 3124025, at *2 (D.R.I. Nov. 7, 2025); *Godinez-Lopez v. Ladwig*, No. 2:25-CV-02962-SHL-ATC, 2025 WL 3047889, at *6 (W.D. Tenn. Oct. 31, 2025); *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 WL 3022700, at *4 (E.D. Wis. Oct. 29, 2025); *Del Cid v. Bondi*, No. 3:25-CV-00304, 2025 WL 2985150, at *16 (W.D. Pa. Oct. 23, 2025); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE, Doc. 20 (W.D. La. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Aguilar Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238, at *9 (D. Mass. July 24, 2025).

and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 30, 2026**                        /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE