# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.C.P.,[1]<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et at.,<br><br>Respondents. | Case No. 1:25-cv-01354-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO STAY ADJUDICATION OF PETITIONER'S MOTION FOR EAJA FEES**<br><br>(Doc. 27)<br><br><u>FOURTEEN-DAY DEADLINE</u> |

J.A.C.P. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Before the Court is Respondents' motion to stay this case pending *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026). (Doc. 27). Petitioner opposes. (Doc. 28). Respondents did not file a reply. (*See* Docket).

The matter was referred to the undersigned for the preparation of findings and recommendations. (Doc. 29). For the reasons that follow, the undersigned will recommend that this motion be denied.

### I. BACKGROUND

The parties are familiar with the facts and procedural history of this case, which the Court briefly summarizes. On September 18, 2025, Petitioner was seized by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS").

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the undersigned omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

(Doc. 19 at 1). Petitioner had entered the country three years before without lawful admission. (*Id.*). Petitioner filed a petition for a writ of habeas corpus against Respondents on October 12, 2025. (Doc. 1). After granting Petitioner's motions for a temporary restraining order and a preliminary injunction, (Docs. 12, 13), the Court granted Petitioner's writ of habeas corpus, permanently enjoining the Government from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker unless Petitioner becomes subject to a final removal order, (Doc. 21).

On April 21, 2026, Petitioner filed a motion for attorney's fees and costs seeking $3,328.96 for Counsel's work on the successful habeas petition. (Doc. 23). The basis for Petitioner's motion is the Equal Access to Justice Act ("EAJA"), which provides for the award of reasonable attorneys' fees and costs to the prevailing party "in any civil action" brought by or against the United States. 28 U.S.C. § 2412(d)(1)(A). Respondents did not oppose the motion. (*See* Docket),

On June 29, 2026, the United States Supreme Court granted certiorari in *Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026). The question presented is whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention.

On August 12, 2026, the undersigned recommended that Petitioner's motion for fees be granted. (Doc. 26).

The following day, Respondents moved to stay Petitioner's motion for attorney's fees under the EAJA until 60 days after the Supreme Court's decision in *Palacios v. Liggins*.

## II. LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,

498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III. DISCUSSION

### A. Factors One and Two: Damage and Hardship to Parties

With respect to the first two factors, damage and hardship to the parties, Respondents assert that "Petitioner is unlikely to be prejudiced by a delay of several months in the payment of any EAJA award, if that is the eventual outcome of the case." (Doc. 27). In opposition, Petitioner argues that Respondents' view of the circumstances is too narrow. Petitioner emphasizes their interest in the prompt resolution of the attorney's fees motion, as "continued delay in adjudicating the fee motion imposes a real financial burden and deters future counsel from taking on similar immigration habeas cases." (Doc. 28 at 4).

If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Here, the undersigned agrees with Petitioner that Respondents have not identified the existence of any hardship or inequity in their being required to go forward in responding to the pending findings and recommendations on the attorney's fees motion. Nor is the undersigned persuaded by Respondents' conclusory contention that Petitioner will not suffer any prejudice if the motion to stay is granted. *Palacios v. Liggins* has not been briefed or calendared for argument,

and a stay of almost a year or more in resolving the instant motion could interfere with Petitioner's continued access to counsel. The undersigned accordingly finds that the first two factors weigh in favor of Petitioner.

**B. Factor Three: The Orderly Course of Justice**

Turning to the third factor, Respondents argue that *Palacios v. Liggins* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026). Thus, according to Respondents, staying the fees motion will "promote[ ] judicial efficiency and conserve[ ] judicial resources." (Doc. 27 at 2). In response, Petitioner contends that "[t]he controlling law in this Circuit favors Petitioner's fee recovery, and this Court is able to adjudicate the motion under existing precedent." (Doc. 28 at 4).

"In applying the third factor, courts find 'considerations of judicial economy are highly relevant.'" *Pac. Coast Fed'n of Fishermen's Assns. v. Raimondo*, No. 120CV00426DADEPG, 2022 WL 789122, at *69 (E.D. Cal. Mar. 11, 2022) (quoting *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014)). Here, the Court agrees with Respondents that a decision in *Palacios v. Liggins* is likely to provide guidance on the availability of attorney's fees under the EAJA. Notwithstanding, as Petitioner points out, that "the Ninth Circuit has not definitively foreclosed EAJA fees in immigration habeas cases" (Doc 28 at 4). On balance, the undersigned finds that it would be slightly in the interest of judicial economy to hold the motion for attorney's fees in abeyance pending the decision in *Palacios v. Liggins*.

* * *

To summarize, the undersigned finds that there is a risk of some prejudice to Petitioner if the Court stays the motion for attorney's fees pending the Supreme Court's decision in *Palacios v. Liggins*. On the other hand, considerations of judicial economy weigh slightly in favor of a stay, because the decision could inform the analysis in the pending motion. Because "[a] district court's concern for . . . judicial efficiency, standing alone is not necessarily a sufficient ground to

stay proceedings," *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation and internal quotation marks omitted), the undersigned recommends exercising its broad discretion to manage its docket and declining to hold the motion for attorney's fees in abeyance. *See E.A.P.C. v. Wofford et al.*, No. 25-cv-01546 JLT-CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (declining to hold a motion for attorney's fees in abeyance pending the Supreme Court's decision in *Palacios v. Liggins*).

## IV. CONCLUSION & RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Respondents' motion to stay Petitioner's motion for fees, (Doc. 27), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days of being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 28, 2026**

Erin Sanz Castillo
UNITED STATES MAGISTRATE JUDGE